UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JULIA CATLETT, TRACEY WHITE, SEMERIA GREENE and JAMIA ROBINSON,<br><br>                Plaintiffs,<br>v.<br><br>HEIDI WASHINGTON, STEVEN ADAMSON, JEREMY HOWARD and ANNETTE TELLAS in their individual and official capacities,<br>                Defendants. | Case No. 20-13283<br><br>Paul D. Borman<br>United States District Judge<br><br>David R. Grand<br>United States Magistrate Judge |

**OPINION AND ORDER ON MDOC DEFENDANTS' FED. R. CIV. P 12(c) MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (ECF No. 13):**

(1) **DISMISSING FIRST AMENDMENT AND RLUIPA CLAIMS AGAINST DEFENDANTS STEVEN ADAMSON, JEREMY HOWARD, AND ANNETTE TELLAS IN THER INDIVIDUAL CAPACITIES;**

(2) **DISMISSING MICHIGAN STATE CONSTITUTIONAL CLAIMS AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES;**

(3) **DISMISSING FIRST AMENDMENT AND RLUIPA CLAIMS FOR DAMAGES AGAINST EACH DEFENDANT IN THEIR OFFICIAL CAPACITIES;**

(4) **SETTING HEARING ON WEDNESDAY, AUGUST 11, 2021 AT 11AM FOR ORAL ARGUMENT ON FIRST AMENDMENT AND RLUIPA CLAIMS FOR DAMAGES AGAINST DEFENDANT HEIDI WASHINGTON IN HER INDIVIDUAL CAPACITY, AND OFFICIAL CAPACITY CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF AGAINST ALL DEFENDANTS.**

I.     Background

Plaintiffs Jamia Robinson, Julia Catlett, Tracy White, and Semeria Greene, are female inmates within the Michigan Department of Corrections ("MDOC"). Each Plaintiff wears a hijab or turban-style hijab pursuant to their Muslim or Moorish faith. (Amended Complaint, ECF No. 6 PageID.45 ¶¶ 17, 18.) Plaintiffs bring claims under the First Amendment to the U.S. Constitution, 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 41 U.S.C. § 2000 et seq., and the Michigan State Constitution, Art. I Sec. 4, alleging that the MDOC's Prisoner Photographic Identification Policy "forces prisoners who wear religious head coverings to remove those head coverings for a photograph, even when doing so violates the sincerely held religious beliefs of those prisoners." (*Id*. ¶ 16.) MDOC permits the wearing of hijabs within its facilities.

On May 16, 2011, MDOC implemented the Prisoner Photographic Identification Policy to establish protocols for taking photographs of prisoners for their processing and identification. (*Id*. ¶ 27.) Section 04.04.133(B) of the Photographic Identification Policy states that when an individual is processed into the MDOC that a photo shall be taken of a prisoner's face and directs that "headgear shall not be worn." (*Id*. ¶ 28.) Plaintiffs also allege that these identification photos are maintained in the prisoner files, in the Counselor's office,

and in the Offender Management Network Information system, which creates a "permanent public record" of a prisoner's identification photograph. Further, the photographs are published on a public website known as the Offender Tracking Information System ("OTIS"), which is available for search by the public. (*Id*. ¶ 30.) Plaintiffs allege that they were each subjected to the photographic policy and were forced to remove their religious head coverings for those pictures in violation of their sincerely held religious beliefs. (*Id*. ¶ 48–51.)

Plaintiffs filed a Class Action Complaint on December 14, 2020 against Defendants Heidi Washington, Director of MDOC, Steven Adamson, Special Activities Coordinator at MDOC, Jeremy Howard, acting Warden of Women's Huron Valley Correctional Facility ("WHV"), and Annette Tellas, Chaplain at WHV. Each Defendant is sued in their individual and official capacities. Plaintiffs filed an Amended Class Action Complaint on January 25, 2021, adding Plaintiff Jamia Robinson. (ECF No. 6)

Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint on February 17, 2021. (ECF No. 13.) For the reasons that follow, the 42 U.S.C. § 1983 and RLUIPA individual capacity claims against Defendants Adamson, Howard, and Tellas will be DISMISSED for failure to allege the personal involvement of these Defendants, the Michigan Constitutional claims against each Defendant in their individual capacities will be DISMISSED for failure to state a

3

claim upon which relief can be granted, and the claims for damages brought against each Defendant in their official capacities is DISMISSED based on sovereign immunity.

## II. Standard of Review

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). Sixth Circuit "precedent instructs that, for a complaint to survive such motions, it must contain 'either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.' " *Buck v. City of Highland Park, Michigan*, 733 F. App'x 248, 251 (6th Cir. 2018) quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.' " *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted). In other words, a plaintiff must provide more than

"formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56. The Sixth Circuit has reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on a motion for judgment on the pleadings or a motion to dismiss, courts "primarily consider[ ] the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case," and attachments that are "referred to in the plaintiff's complaint and are central to her claim" are included in the complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (internal quotations omitted).

### III. Analysis

    **a. 42 U.S.C. § 1983 and RLUIPA Claims against Defendants Jeremy Howard, Annette Tellas, and Steven Adamson in their Individual Capacities**

In order to state a claim against individual officers under both 42 U.S.C. § 1983 and the RLUIPA, a plaintiff must allege facts in the complaint, taken as true, which demonstrate the personal involvement of each individual defendant in the alleged violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because

5

vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Greenberg v. Hill*, No. CIV.A. 2:07-CV-1076, 2009 WL 890521, at *3 (S.D. Ohio Mar. 31, 2009) ("In order to establish liability under RLUIPA (and Section 1983), a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation.") (citations omitted); *Copenhaver v. Burnett*, No. CIV.A.07-CV-14376, 2008 WL 2741807, at *3 (E.D. Mich. July 11, 2008) ("under the RLUIPA plaintiff must show that the named defendants personally imposed a substantial burden on his free exercise of religion.").

### 1. Defendant Jeremy Howard

The only specific allegations in the Amended Complaint against Defendant Jeremy Howard, the WHV Warden, are allegations that Plaintiffs Catlett and Greene wrote to Defendant Howard regarding the Photographic Policy and obtained no relief. (*See* ECF No. 6 ¶ 49 "… Ms. Catlett has written to Defendant Howard through the Warden's forum on this issue and has found no relief."; ¶ 50 "… Ms. Greene has written to Defendant Howard through the Warden's forum on this issue and has found no relief."). Specifically, they did not receive a written or oral response to their writings.

In the Sixth Circuit, solely alleging that an official failed to respond to grievances has been held to be insufficient to state a claim against a prison official in their individual capacity under 42 U.S.C. § 1983. In *Shehee v. Luttrell,* the Sixth Circuit reversed a denial of summary judgment to prison officials whose only involvement in the alleged constitutional violation was the denial of administrative grievances. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Court reasoned that denying administrative grievances did not amount to participating in or otherwise acting to violate the plaintiff's rights. *See also Martin v. Harvey,* 14 F. App'x 307, 309 (6th Cir. June 7, 2001) (affirming dismissal of the claims against a defendant whose only involvement in the matters giving rise to the Section 1983 action was his denial of the appeal of the plaintiff-prisoner's grievance); *Whorton v. Roggenbuck*, No. 16-CV-13885, 2019 WL 4233485, at *2 (E.D. Mich. Sept. 6, 2019) ("Plaintiff's complaint merely alleges that [prison official] denied his grievance and failed to remedy the alleged unconstitutional conduct. Pursuant to *Shehee*, this conduct is not actionable under § 1983.") Here, there is no other specific allegation, beyond a failure to respond to written grievances, that Defendant Howard acted to deprive the plaintiffs of their constitutional rights or substantially burdened their religious exercise under the RLUIPA.

Accordingly, the 42 U.S.C. § 1983 and RLUIPA claims against Defendant Jeremy Howard in his individual capacity for damages are DISMISSED.

### 2. Defendant Annette Tellas

There are no specific allegations in the Amended Complaint against Defendant Annette Tellas, the WHV Chaplain. Thus, there is no basis for this Court to conclude that Defendant Tellas personally acted to deprive the Plaintiffs of their First Amendment rights or substantially burdened their religious exercise under the RLUIPA. Accordingly, the 42 U.S.C. § 1983 and RLUIPA claims against Defendant Annette Tellas in her individual capacity are DISMISSED.

### 3. Defendant Steven Adamson

There are no specific allegations against Defendant Adamson in the Amended Complaint. Accordingly, the 42 U.S.C. § 1983 and RLUIPA claims against Defendant Adamson in his individual capacity are DISMISSED.

### b. Michigan State Constitutional Claims Against All Defendants in their Official Capacities

In *Jones*, the Michigan Supreme Court held that there is no independent damages remedy against individual government employees for violations of the Michigan State Constitution. *Jones v. Powell*, 462 Mich. 329, 337 (2000). Citing to its prior opinion in *Smith v. Dep't. of Public Health*, 428 Mich. 540 (1987), the Court recognized a claim for monetary damages under the state constitution only in

a narrow category of cases where the State of Michigan is the party defendant and other remedies are generally unavailable because the state is immune from suit under the doctrine of sovereign immunity. *Id.* The Court emphasized, however, that "those concerns are inapplicable" to actions such as this one, where an individual defendant is being sued, because "a plaintiff may bring an action against an individual defendant under [42 U.S.C.] § 1983 and common-law tort theories." *Id*.

Here, Plaintiffs have several potential avenues for monetary relief besides the alleged state constitutional violation. Notably, Plaintiffs have sued the Defendants under 42 U.S.C. § 1983 in their individual capacities for money damages. Therefore, in light of *Jones*, Plaintiffs may not pursue damages against Defendant Washington on claims arising under the Michigan State Constitution. *See Neal v. Department of Corrections,* Nos. 253543, 256506, 2005 WL 326883, at * 5 (Mich. Ct. App. Feb.10, 2005) ("Regardless of the [Michigan] constitutional rights allegedly violated, damage remedies against individual government employees for those constitutional violations do not exist.");

Accordingly, the individual capacity claims against all Defendants for damages under the Michigan Constitution are DISMISSED.

### c. 42 U.S.C. § 1983 and RLUIPA Official Capacity Claims for Damages

Defendants move to dismiss the 42 U.S.C. § 1983 and RLUIPA claims for damages against each Defendant in their official capacities. Plaintiffs clarify in their Response that they are bringing individual capacity claims against the Defendants for damages and official capacity claims for injunctive and declaratory relief. (ECF No. 20, PageID.372.) Because this distinction was not clear from the Amended Complaint, the Court will address the issue.

"Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Here, the Defendants, each an employee of the MDOC, are sued in their official capacities. The Court treats these as claims against the entity itself, which is the State of Michigan and its Department of Corrections. *See Miller v. Calhoun County,* 408 F.3d 803, 817 (6th Cir. 2005) ("Accordingly, as it appears that [defendants] are being sued in their official capacities, we treat the claims against them as being claims against the County.")

Generally, claims against defendants in their official capacities, *i.e,* in their capacity as agents of the state under 42 U.S.C. § 1983, are subject to dismissal on the basis that "[t]he United States Supreme Court has specifically held that a State is not a 'person' against whom a § 1983 claim for money damages might be

asserted." *Price v. Caruso,* 451 F.Supp.2d 889, 902 (E.D. Mich. 2006); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989).

The same is true for RLUIPA claims against officials in their official capacities. *See Sossamon v. Texas*, 563 U.S. 277, 293, 131 S. Ct. 1651, 1663, 179 L. Ed. 2d 700 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."); *Haight v. Thompson*, 763 F.3d 554, 568 (6th Cir. 2014) ("lawsuits against state officials in their official capacity amount to lawsuits against the State for purposes of Eleventh Amendment (and other constitutional) immunities").

Accordingly, because the 42 U.S.C. § 1983 and RLUIPA official capacity claims for damages against each Defendant are barred by sovereign immunity, those claims are DISMISSED.

### IV. Conclusion

(1) The claims for damages under 42 U.S.C. § 1983 and the RLUIPA against Defendants Jeremy Howard, Annette Tellas, and Steven Adamson in their individual capacities are DISMISSED without prejudice;

(2) The Michigan State Constitutional claims against all Defendants in their individual capacities are DISMISSED with prejudice;

(3) The 42 U.S.C. § 1983 and RLUIPA claims for damages against each Defendant in their official capacities are DISMISSED with prejudice.

(4) This Order does not resolve all issues raised in the Defendants' Motion to Dismiss. The Court sets a hearing for oral argument on Wednesday, August 11, 2021 at 11 a.m. regarding the 42 U.S.C. § 1983 and RLUIPA claims against Defendant Heidi Washington in her individual capacity, as well as the claims under 42 U.S.C. § 1983, the RLUIPA, and the Michigan State Constitution against each Defendant in their official capacities for injunctive and declaratory relief.

SO ORDERED.

                                                                   s/Paul D. Borman
                                                                   Paul D. Borman
                                                                   United States District Judge

Dated: August 3, 2021